# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

v.                                   Civil Action No: 1:18-cv-00903-KG-LF


ATLAS ELECTRICAL CONSTRUCTION, INC,

     Defendant.

---

## CONSENT DECREE

---

## I.  RECITALS

**1.**     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("EEOC"), an agency of the United States, alleging that Defendant Atlas Electrical Construction, Inc. ("Atlas" or "Defendant"), engaged in unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq* by (1) subjecting Charging Party Rubel Romero ("Charging Party") and other aggrieved individuals (collectively the "Aggrieved Individuals") to a hostile work environment because of their sex, male; (2) retaliating against Romero when it denied his request to transfer and terminating his employment because he opposed the harassment and told Atlas he was going to file and then did file a formal charge of discrimination with the EEOC; and/or (3) constructively discharged Rubel Romero by creating such a hostile work environment that a reasonable employee would feel compelled to resign.

1

2. The Parties to this Consent Decree are the Plaintiff EEOC and the Defendant Atlas Electrical Construction, Inc. (the "Parties").

3. The Parties, desiring to settle this action without the time and expense of continued litigation, by entry of an appropriate Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Decree enforceable against Defendant.

4. The entry of this Decree does not constitute an admission by Atlas of any violation of Title VII's prohibitions against discrimination and retaliation as such allegations are denied by Atlas. Instead, it represents a mutual agreement entered to advance the best interests of the Parties and the Aggrieved Individuals and to facilitate the goals of Title VII.

5. The EEOC agrees that it will not use Charge of Discrimination Number 543-2017-00626 (the "Charge") filed by Charging Party as the jurisdictional basis for filing any other lawsuit against Defendant. Nothing in this Decree prevents the EEOC from filing lawsuits based on charges or claims by persons not resolved in this Decree. The EEOC reserves all rights to proceed with matters not covered in this Decree and to secure relief on behalf of aggrieved persons not covered by this Decree.

6. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

7. Defendant and its officers, agents, employees, and successors will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

8. For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

2

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

9.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

10.      The Court shall retain jurisdiction for the duration of the Decree for the purpose of enforcing the provisions of this Decree.

## III.  DEFINITIONS

11.      **Complaint of Discrimination, Harassment, or Retaliation** - A complaint of discrimination, harassment, or retaliation shall be any oral or written complaint, protest, statement of concern, or description that comes to the attention of a supervisor or manager of Defendant and makes allegations that are appreciated by any supervisor or manager as an allegation of gender discrimination, harassment, or retaliation,   regardless of whether the employee complains in writing or expressly uses the terms "sexual," "discrimination," "harassment," or "retaliation."

12.      **EEO -** The term "EEO" shall refer to the phrase "equal employment opportunity."

13.      **Effective Date** - The Effective Date of this Decree is the date on which the Court gives final approval to the Decree, after hearing, if required.

14.      **Aggrieved Individual** – Charging Party Rubel Romero and any other member of the group of men on whose behalf the Equal Employment Opportunity Commission has sought relief in this lawsuit.

15.      **Consultant** – a private vendor with Human Resources expertise in the area of drafting EEO policies for companies, who has expertise in sexual harassment prevention techniques, and who has no other contractual or employment relationship with Defendant.

16. **Days** – unless otherwise indicated, the word "days" in this Decree refers to calendar days.

### III. TERM, SCOPE AND ISSUES RESOLVED

17. **Term:** The duration of this Decree shall be two and one-half (2.5) years from the date of signing by the Court.

18. **Scope:** The terms of this Decree shall apply to all of Defendant Atlas' work locations in New Mexico and shall include all individuals with responsibility over such facilities.

19. **Issues Resolved**: This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all the Commission's claims of unlawful employment practices under Title VII that arise from Charge of Discrimination Number 543-2017-00626 filed by Rubel Romero.

20. **Non-Waiver of EEOC Claims:** Nothing in this Decree shall be construed to preclude EEOC from bringing suit to enforce this Decree in accordance with the enforcement provisions of Section VIII ("Enforcement of Consent Decree"). Neither does this Decree preclude EEOC from filing lawsuits based on charges not resolved in this Decree.

### IV. MONETARY RELIEF

21. In full settlement of monetary damages alleged by the EEOC in this case, Defendant agrees to pay the aggregate sum of $195,000.00 ("the Settlement Amount").

22. Defendant will not condition the receipt of individual relief upon an Aggrieved Individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for employment by Defendant.

**23.** In order to receive any payment, an Aggrieved Individual must execute the specific release attached hereto as Exhibit A. The EEOC will provide the Defendant with an executed copy of a release for each individual who will be receiving payment of any kind related to resolution of these claims.

**24.** The Settlement Amount shall be apportioned among (a) the alleged Aggrieved Individuals identified by the EEOC as entitled to relief pursuant to this Decree, in amounts to be determined by the EEOC and (b) Rubel Romero's attorneys' fees and costs in the amount of $4,724.98. Where EEOC seeks back pay for Aggrieved Individuals, payment to the aggrieved individuals will be apportioned to "back pay" and "compensatory damages" amounts, as specified by the EEOC. Otherwise, payments to Aggrieved Individuals will be for "compensatory damages" only. Payments designated "back pay" shall be reported on IRS Form W-2. Defendant shall be responsible for paying its share of payroll taxes for "back pay" and, in accordance with the most recent W-4 on file with Defendant, withholding applicable payroll taxes owed by the Aggrieved Individuals. Payments designated as "compensatory damages" shall be reported on IRS Form 1099 by Defendant and shall not be subject to withholdings.

**24.1** **Apportionment of Payment** - Within thirty (30) days from the entry of this Decree, EEOC will provide Defendant with a final distribution list identifying each of the Aggrieved Individuals and Rubel Romero's attorneys to receive payment from the Settlement Amount. The final distribution list will provide the name, address, and payment amounts of back pay and compensatory damages for each person to receive payment. The final distribution list will also indicate the amounts designated as Rubel Romero's attorneys' fees and costs and the payee's name, address and payment amounts.

**24.2    Transmittal of Payments** - Within thirty (30) days after EEOC provides executed copies of releases from each individual to receive payment as well as the final distribution list; Defendant will issue payment checks to the Aggrieved Individuals and Romero's attorneys in the amounts specified in the final distribution list and mail such checks to the Aggrieved Individuals and Romero's attorneys at addresses provided by the EEOC.

**24.3    EEOC Discretion to Allocate Relief** - EEOC retains the sole discretion to determine allocations of monetary relief to Aggrieved Individuals pursuant to this Decree.

**24.4    Copy of Checks to EEOC** - Within fourteen (14) business days after payments are mailed to payees, Defendant shall submit to EEOC a copy of the checks issued.

**24.5    IRS forms** – By January 31 of the year following payment, Defendant shall issue to each Aggrieved Individual an IRS Form W-2 for any backpay amount and an IRS Form 1099 for the compensatory damages amount.

**25.    Undelivered or Unnegotiated Checks -** If any checks are returned undeliverable or are not cashed or otherwise negotiated within thirty (30) days after mailing to the Aggrieved Individuals, Defendant will provide prompt notice to the EEOC of which Aggrieved Individual's checks have not been negotiated.  Within ninety (90) days of receiving notice from Defendant that an Aggrieved Individual(s) has not negotiated a check, the EEOC will attempt to resolve the issue and provide Defendant with an alternative address or delivery method to provide payment to the Aggrieved Individual(s). In the event an Aggrieved

Individual's relief payment has not been distributed and negotiated by him within three hundred (300) days of his original payment, that Aggrieved Individual's payment will be redistributed to other Aggrieved Individuals. The decision regarding the manner in which to redistribute payments is solely at the discretion of the EEOC. In no event shall there be any reversion of any part of the Settlement Amount to Defendant.

26.     All costs associated with the distribution of settlement funds to Aggrieved Individuals shall be paid by Defendant.

## V.     OTHER INDIVIDUAL RELIEF

27.     **Modification of Personnel Records**: To the extent any personnel records of Defendant refer to a termination of Charging Party, Defendant shall modify the records to indicate that the separation of employment between Charging Party and Defendant was by mutual agreement. To the extent that any other personnel records of Defendant reference any charge of discrimination filed by Charging Party, such records shall be modified in accordance with this provision or, where not possible to effectuate such modification, shall be removed. To the extent any personnel records of any identified Aggrieved Individuals reference the EEOC's investigation or litigation involving the Aggrieved Individuals, such records shall be removed from their personnel records.

28.     **References or Union Referrals**: Should any union or prospective employer request a reference for any of the Aggrieved Individuals in this litigation, Defendant agrees that it shall not disparage any of the Aggrieved Individuals and it will provide a reference that states only the dates of employment and position(s) held, in accordance with its typical practice.

## V.    EQUITABLE RELIEF

### A.    Injunctive Relief

29.    Defendant, its officers, agents, and successors, are enjoined from engaging in any employment practice with respect to any employee of Atlas which discriminates on the basis of sex, including but not limited to sexual harassment made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

30.    Defendant, its officers, agents and successors are enjoined from engaging in retaliation against employees of Atlas because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, including because such individual brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the EEOC or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action.

### B.    EEO Policy and Record-Retention Review

31.    Within ninety (90) days of the entry of this Decree, the Defendant shall, in consultation with a Consultant, review and revise as appropriate any existing EEO policy, including any sexual harassment policy.  After consultation with its Consultant, Defendant must adopt and maintain a comprehensive policy against harassment and retaliation.

32.    The Defendant's written EEO policy must include, at a minimum:

**32.1.** A strong and clear commitment to preventing unlawful sex discrimination, including but not limited to sexual harassment and specifically same-sex harassment.

**32.2.** A strong and clear commitment to preventing retaliation;

**32.3.** A clear and complete definition of sexual harassment, including same-sex harassment, and retaliation;

**32.4.** A statement that discrimination based on sex, including but limited to sexual harassment, same-sex harassment, and retaliation is prohibited and will not be tolerated;

**32.5.** A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

**32.6.** A detailed explanation of how complaints or reports can be made by employees, including but not limited to, the identification of all specific individuals, with contact information, to whom employees can report their concerns about discrimination, harassment, or retaliation;

**32.7.** A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**32.8.** An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable;

**32.9.** An assurance that appropriate corrective action will promptly be taken by Defendant where warranted;

**32.10.** A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation;

**32.11.** An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation; and

**32.12.** An assurance that Defendant views retaliation against any individual who reports harassment as intolerable conduct that will be addressed immediately.

**33.** Within ninety (90) days after completion of any revisions to the Atlas EEO Policy, Defendant shall distribute the Policy to each current employee of the Defendant in written form. The written EEO Policy shall be distributed in writing to all new employees when hired by Defendant. Defendant shall make the written EEO policies, anti-harassment policies and anti-retaliation policies available in alternative formats as necessary for persons with disabilities and for persons who do not read English

**33.1.** Within ninety (90) days of entry of this Decree, Defendant shall review and revise any policies or procedures it has regarding the creation of and/or maintenance of records relating to complaints of sexual harassment and/or retaliation, including all verbal or written complaints. To the extent that no policies or procedures exist, they must be created and Defendant shall assure that any revised policies under this Paragraph require Defendant to document in writing, without bias, any complaint by any Atlas employee of sexual harassment and/or retaliation by a co-worker or manager, even if the

complaint is oral and the complainant does not want to provide a written statement. Further, any revised policies under this Paragraph shall require Defendants' responsible personnel to document, without bias, any interviews conducted regarding the complaint and all steps taken to investigate the complaint. Defendant shall take steps to assure that Atlas has in place a record-keeping system that preserves all records relating to complaints of sexual harassment and/or retaliation by employees for the Term of the Decree.

**34.** All costs associated with selection of a Consultant and compliance with portions of this Decree related to duties of a Consultant shall be paid by Defendant.

### C. Training

**35.** Defendant shall provide EEO training, anti-harassment training and anti-retaliation training for all of its employees pursuant to this Paragraph 35 and the subparts below. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant' policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) understanding the legal prohibitions on same-sex harassment and the kind of conduct which may constitute same-sex harassment; (d) the penalties of engaging in discriminatory or retaliatory behavior; (e) Defendant' non-retaliation policy; and (f) review of all related EEO policies. All training under this Paragraph shall be at Defendant's selection and expense. Training required by this Paragraph must be offered by live presentation at least once annually during each year of this Decree. After a live presentation has been provided in any Decree year, Defendant may also utilize videotape presentations, online interactive learning, or other computer based training to assure that the

training required by this Decree is provided according to the terms below. The training will be conducted as follows:

35.1. **Non-managerial Employees:** Within ninety (90) days of entry of this Decree and thereafter annually in each year for the duration of this Decree, Defendant will provide non-managerial employees training sessions. These non-managerial training sessions shall each be at least one hour training sessions for each employee of Atlas. These non-managerial training sessions must occur at least twice during the term of the Decree. Attendance will be mandatory for every employee on the days of such training. Each of these annual training sessions will focus on sex discrimination, sexual harassment, same-sex harassment, and retaliation. The trainings must be administered in both English and Spanish format, if the Atlas workforce requires dual language presentations. The training under this Paragraph 35.1 must be provided by outside vendors or properly trained personnel.

35.2. **Managerial and Supervisory Employees:** Atlas provided training for all managerial and supervisory personnel in September 2018. During each year for the duration of this Decree, Defendant will require all individuals who work in a managerial or supervisory capacity at Atlas to attend an additional training session held specifically for managerial or supervisory officials at Atlas at least twice a year. The training sessions for managerial or supervisory Atlas employees shall include at least two (2) hours of training two times each year regarding Title VII and other federal anti-discrimination laws, for a total of four (4) hours annually. In the last six-months of the Decree term, Atlas need only provide one (1) managerial training session of at least 1 hour in duration

before the Decree expires. Each of the management and supervisor training sessions must directly address sex discrimination, sexual harassment, same-sex harassment, and retaliation and must include instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including sexual harassment. In each of these managerial and supervisorial employee training sessions, Defendant shall emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. The training under this Paragraph 35.2 must be provided by the Consultant hired pursuant to Paragraph 31 or outside vendors.

   **35.3.    Human Resource Employees:** Defendant will require all individuals who work in any Human Resources "office" at Atlas or who work as HR officials or HR designees and who are responsible for receiving complaints of discrimination and/or who work in a human resource capacity and who provide human resources support to the managers and supervisors at Atlas to receive at least six (6) hours of training annually regarding Title VII and other federal anti-discrimination laws. Such training must directly address sex discrimination sex harassment and same-sex harassment, and must include instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for

13

documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. Additionally, Defendant will require employees who are newly hired or promoted into a human resource position to complete five (5) hours of general EEO training within ninety (90) days of being hired or promoted into a human resource position, or provide suitable evidence of compliant, previous training via certification as a human resources professional or by a previous employer. The training under this Paragraph 35.3 must be provided by the Consultant hired pursuant to Paragraph 31 or by outside vendors.

36.     Defendant agrees that all its personnel shall both register and attend the training sessions.  Defendant also agrees that the Notice described in Paragraph 37 below will be discussed at each training session and employees will be reminded where the Notice is posted at the headquarters' office.

### D.     Notice Posting

37.     Within thirty (30) days after the Court's entry of this Decree, Defendant shall post in its headquarters' office in New Mexico, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit B. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

14

### E. Discipline for Violation of Policies

**38.** Upon entry of this Decree and for the duration of this Decree, Defendant agrees that where it finds harassment or retaliation occurred, discipline will be administered to discriminating officials promptly and proportionately to the conduct or behavior at issue and the severity of the infraction of Defendant's anti-harassment and anti-retaliation policies. In administering discipline to discriminating officials during the term of this Decree, Defendant agrees that it will take reasonable steps to maintain consistency of discipline and avoid any appearance that any particular type or level of employee receives undue favor.

**39.** Defendant agrees that, as of the date of entry of this Decree, Ruben Perez is no longer an employee of Atlas and Ruben Perez is not eligible for rehire for the duration of this Decree. Atlas shall provide a copy of the notice of termination that Ruben Perez has received in accordance with the reporting provisions below.

### VII. Record Keeping and Reporting Provisions

**40.** For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

**40.1** Personnel files;

**40.2** Payroll records;

**40.3** Work schedules;

**40.4** Complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

15

**40.5**    All documents related to the employee training described above, including but not limited to attendance sheets, agendas, and training materials;

**41.**    Defendant shall provide reports to the Commission for each six- month period following the entry of this Decree.  The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission six weeks prior to the date on which the Consent Decree is to expire.

**42.**    **Reporting Requirements:**  Each report shall provide the following information:

**42.1    Reports of Discrimination:**  For purposes of this Paragraph the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on sex even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. For example, if a female employee reports that a male employee has made an offensive sexual comment, this should be recognized as a complaint of sexual harassment and/or gender discrimination even though the employee does not use the terms "harassment" or "discrimination," and regardless of whether the complaint is made orally or in writing.

The report will include:

**42.1.a** The name, of each person making a complaint of sex discrimination to Defendant or to any federal, state, or local government agency;

**42.1.b** A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

**42.1.c** Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**42.2   Complaints of Retaliation**: For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII or alleges retaliation for conduct which the Defendant recognized as protected activity under any of those statutes even if the complainant does not use legal or technical terminology.

The report shall include:

**42.2.a** The name of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency;

**42.2.b** A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant' investigation and response to the complaint, the name of

the person who investigated or responded to the complaint, and what, if any resolution was reached; and

**42.2.c**  Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

43.  **Policy Review**:  Defendant shall report on the status of the EEO, anti-harassment and retaliation policy review process required above.

44.  **Record Keeping:**  Defendant shall report on the modification or revision of any personnel records pursuant to Paragraph 27 above.

45.  **Training:**  Defendant shall report on the training conducted during the prior 6-month period.  Defendant shall provide attendance lists for each of the training sessions required by this Decree.

46.  **Notice Posting**:  Defendant shall report on the Notice Posting required by this Decree and the efforts of Defendant to remind employees of the Posting's location during training sessions required by this Decree.

47.  **Report of Discipline**:  Defendant shall report to the Commission as to any discipline issued during the reporting period.  Defendant's first report shall contain any records of the termination of Ruben Perez.

## VIII.  ENFORCEMENT AND COMPLIANCE

48.  This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and will have all available powers to enforce the Decree.

49.  There is no private right of action to enforce Defendant' obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

50.    The EEOC may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  However, prior to petitioning the Court, the EEOC shall give Defendant notice of the allegations of non-compliance, followed by a thirty (30) day period to either cure the deficiency or permit the parties to negotiate a resolution of the alleged non-compliance.

51.    Absent extension, this Decree shall expire by its own terms at the end of the 30th month from the date of entry without further action by the Parties.

## IX.  EEOC AUTHORITY

52.    With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## X. COSTS AND ATTORNEY'S FEES

53.    Defendant shall pay attorneys' fees and costs to Rubel Romero's attorneys in the amount of $4,724.98 as set forth in Paragraph 24 hereof, within thirty (30) days of Defendant's receipt of the distribution list for such fees from EEOC. Except as provided in Paragraph 24 and this Paragraph 55, each party shall be responsible for and shall pay its own costs and attorney's fees.

## XI. NOTICE

**54.**     Unless otherwise indicated, any notice, report, or communication required under

the provisions of this Decree shall be sent by electronic mail as follows:

For Plaintiff:                                                                    For Defendant:


Jeff Lee                                                                              Danny W. Jarrett
Trial Attorney                                                                   Andrea K. Robeda
EEOC Albuquerque Area Office                               JACKSON LEWIS P.C.
505 Marquette Ave. NW, Suite 900                      800 Lomas Blvd. NW, Suite 200
Albuquerque, NM 87102                                        Albuquerque, NM 87102
(505)248-5231                                                        Danny.Jarrett@jacksonlewis.com
jeff.lee@eeoc.gov

## XII. SIGNATURES

**55.** The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 26th day of April, 2019.

BY THE COURT:

_____
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: 4/15/19

ATLAS ELECTRICAL CONSTRUCTION, INC.

By: _____
Justin Taibbi
President

Date: 4-11-19

APPROVED AS TO FORM:

_____
Jeff Lee
Trial Attorney

_____
Loretta Medina
Supervisory Trial Attorney
Equal Employment Opportunity Commission
Albuquerque Area Office
505 Marquette Ave. NW, Suite 900
Albuquerque, NM 87102
(505)248-5231
jeff.lee@eeoc.gov
loretta.medina@eeoc.gov

ATTORNEYS FOR PLAINTIFF

_____
Danny W. Jarrett
Andrea K. Robeda
JACKSON LEWIS P.C.
800 Lomas Blvd. NW, Suite 200
Albuquerque, NM 87102
(505)878-0515
Danny.Jarrett@jacksonlewis.com
Andrea.Robeda@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

**EXHIBIT A**

**RELEASE**

In consideration for $_____ paid to me by Atlas Electrical Construction, Inc., in connection with the resolution of EEOC v. Atlas Electrical Construction, Inc., Case No. 18-cv-00903-KG-LF, I waive my right to recover for any claims of sex discrimination or retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII) that I had against Atlas Electrical Construction, Inc., prior to the date of this release and that were included in the claims alleged in EEOC's Complaint in EEOC v. Atlas Electrical Construction, Inc., Case No. 18-cv-00903-KG-LF.

Date: _____          Signature: _____

# EXHIBIT B

## NOTICE TO EMPLOYEES

This Notice is being posted as part of the remedy agreed to pursuant to a Consent Decree ordered by the Court in *EEOC v. Atlas Electrical Construction Inc.*, Civil Action No. 1:18-cv-00903-KG-LF (D. NM).

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's sex. Further, it is unlawful for any employer to retaliate against an applicant or employee because he or she has opposed discriminatory employment practices or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Atlas Electrical Construction Inc., ("Atlas") supports and will comply with such law in all respects and will not take any action against employees because they have exercised their rights under the law.

Atlas will take all necessary steps to remedy instances of sexual harassment, including same-sex harassment and unlawful discharge. Any individuals identified as being affected will be made whole for any loss in pay or benefits they may have suffered.

Atlas has adopted an equal employment opportunity policy and anti-harassment policy and will ensure that all supervisory employees and other employees will abide by the requirements of those policies and that employees will not be discriminated against on the basis of their sex.

Should you have a complaint of discrimination concerning your employment or potential employment with Atlas you may seek assistance from Debbie Roberts, Atlas Controller/Corporate Secretary or the President of Atlas Electrical, Jason Tabbi Both Ms. Roberts and Mr. Taibbi can be reached at (505) 856-3419. You may also seek assistance from the:

Equal Employment Opportunity Commission (EEOC), Albuquerque Area Office, 505 Marquette NW, Suite 900, Albuquerque, NM. 87102. (505) 248-5201.

This Notice shall remain posted for a period of two and one-half (2.5) years.

_____          _____
      Date                                                    Signature of Respondent